IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W., : : : **Plaintiff** : v. : : **DR. ROBERT KRANTZ**, et al., : : **Defendants** : | CIVIL ACTION NO. 1:07-CV-0616 (Judge Conner) |

# ORDER

AND NOW, this 2nd day of August, 2007, upon consideration of the motion (Doc. 34), filed by defendant Pennsylvania Department of Education, to dismiss plaintiff's claims, and it appearing that the Department of Education is an arm of the Commonwealth of Pennsylvania, see 71 PA. STAT. ANN. § 61, and is therefore immune from suit by the Eleventh Amendment, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1983) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); see also 1 PA. CONS. STAT. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive immunity."); 42 PA. CONS. STAT. ANN. § 8522; Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 239 (3d Cir. 2005); Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) (providing that Eleventh Amendment immunity is "subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and

(3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law"); Salisbury Twp. Sch. Dist. v. Jared M., No. 98-6396, 1999 WL 562753, at *3 (E.D. Pa. July 22, 1999) ("[T]he . . . Department of Education, as an agency of the state, cannot be brought before this Court on a constitutional claim of deprivation of due process."), it is hereby ORDERED that:

1. The motion to dismiss (Doc. 34) is GRANTED.

2. Plaintiff's claims against defendant Pennsylvania Department of Education are DISMISSED.

3. Leave to amend is DENIED as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge