IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W., | : : : | CIVIL ACTION NO. 1:07-CV-0616 |
| | : | (Judge Conner) |
| **Plaintiff** | : | |
| v. | : : | |
| **DR. ROBERT KRANTZ**, et al., | : : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 3rd day of July, 2008, upon consideration of *pro se* plaintiff's *ex parte* motion for limited immunity (Doc. 56), seeking immunity from sections 2070.10 and 2070.17 of Title 24 of the Pennsylvania Statutes to allow him to "build his case by discussing/deposing/gaining depositions from additional witnesses/victims" (Doc. 56 ¶ 5), and it appearing that these statutes only prevent plaintiff from disclosing information related to *complaints* to the Pennsylvania Department of Education ("DOE"), not from disclosing or discovering information regarding the *alleged wrongdoing* by defendants,[1] see 24 PA. STAT. §§ 2070.10, 2070.17, and that the instant motion does not demonstrate that information related to complaints to the DOE is relevant to, or likely to lead to admissible evidence

---

[1] Plaintiff also seeks immunity for the families he intends to interview regarding alleged wrongdoing by defendants suffered by these families. The court expresses no opinion at this junction of whether such evidence is admissible to prove plaintiff's claims. However, the statutes at issue do not prevent plaintiff from interviewing others about the alleged *actions* of defendants. These intended witnesses do not need to disclose information about any complaints to the DOE to discuss any alleged wrongdoing by defendants.

supporting, the claims in the amended complaint,[2] it is hereby ORDERED that the *ex parte* motion for limited immunity (Doc. 56) is DENIED without prejudice to plaintiff's right to disclose or discover information regarding the alleged wrongdoing by defendants.  (But see Doc. 53 (staying discovery on claims unrelated to the alleged eavesdropping)).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Although the amended complaint refers to plaintiff's complaint to the DOE and the alleged mishandling of the investigation  (see Doc. 52 ¶¶ 6, 11-12), the actual claims of the amended complaint do not involve this alleged misconduct.  In fact, the court previously dismissed all claims against the DOE and the assigned investigator (see Docs. 43, 46), and the amended complaint does not allege any claims against these parties (see Doc. 55).