# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W. and S.J.W., | : : : : | CIVIL ACTION NO. 1:07-CV-0616 (Judge Conner) |
| **Plaintiff** | : : | |
| v. | : : | |
| **DR. ROBERT KRANTZ**, *et al.*, | : : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of September, 2008, upon consideration of *pro se* plaintiff's motion to strike (Doc. 78) defendants' amended answer (Doc. 77) to the amended complaint (Doc. 52) on the grounds that defendants did not seek leave of court prior to filing it, see FED. R. CIV. P. 15(a)(1)(B), and that it contains scandalous and impertinent material, see id. FED. R. CIV. P. 12(f), and it appearing that defendants' original answer responded exclusively to Counts I and IV of the amended complaint and forewent a response to the remaining claims, which were subject to a simultaneously filed motion to dismiss (Doc. 61) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the court granted the motion in part and denied it in part on August 22, 2008, (see Doc. 72), that the defendants filed the amended answer on August 27, 2008, (see Doc. 77), that the amended answer substantially recounts defendants' responses to Counts I and IV and responds to the remaining counts that survived the motion to dismiss, that a party must file a responsive pleading within ten days of the denial of a motion to dismiss,

see FED. R. CIV. P. 12(a)(4)(A) (stating that "if the court denies [a Rule 12 motion] . . . , the responsive pleading must be served within 10 days after notice of the court's action"),[1] and that defendants' amended answer was therefore filed in accordance with applicable provisions of the Federal Rules of Civil Procedure, and it further appearing that plaintiff moves to strike the amended answer pursuant to Rule 12(f) on the grounds that defendants have raised the statute of limitations, unclean hands, and arguments regarding statutory interpretation as affirmative defenses to plaintiff's complaint, (see Doc. 79 at 3-6), and the court concluding that a motion to strike should not be granted unless "the insufficiency of the defense is clearly apparent," see Cintron Beverage Group v. Depersia, No. Civ. A. 07-3043, 2008 WL 1776430, at *1 (E.D. Pa. Apr. 15, 2008), and that the material subject to plaintiff's motion fails to qualify as "redundant, immaterial, impertinent, or scandalous," FED. R. CIV. P. 12(f), because defendants are entitled to raise such defenses under the Federal Rules Civil Procedure,[2] see FED. R. CIV. P. 8(c), it is hereby ORDERED that the motion to strike (Doc. 78) is DENIED.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[1] Plaintiff erroneously states that defendants should have filed a motion for reconsideration of the court's memorandum and order or an interlocutory appeal to the Third Circuit. (See Doc. 79 at 3.) Defendants properly filed a responsive pleading after the court ruled on their motion to dismiss.

[2] The portions of the amended answer to which plaintiff objects merely contains the *potential* defenses of defendants. Therefore, plaintiff need not rebut these defenses until they are raised by defendants in a motion or, if necessary, at trial.