UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RORY M. WALSH, individually       :      **CIVIL NO.  1:07-CV-0616**
and as Natural Guardian of        :
C.R.W. and S.J.W.,                :      (Judge Conner)
                                  :
          Plaintiff               :
                                  :
     v.                           :
                                  :
DR. ROBERT KRANTZ, et al.,        :
                                  :
          Defendants              :

**<u>MEMORANDUM</u>**

Upon the November 12, 2008 referral by Judge Conner (Doc. 100) of the discovery matters presented by the plaintiff, by Order of November 18, 2008 we directed the completion of the plaintiff's deposition and directed further explanation by the plaintiff of the inadequacies found by the plaintiff in the defendants' response to discovery demands of the plaintiff.  On November 20, 2008, the plaintiff duly complied.  In part, by then, the defendants had provided further responses.  In part, the plaintiff cited the absence of responses to certain discovery demands.  (Doc. 104).

By Order of November 20, 2008 (Doc. 105) the defendants
were directed to respond to the plaintiff's statement of
inadequacies.  A response was filed on December 2, 2008.  (Doc.
108).  The plaintiff, at the request of the court, filed a
reply on December 7, 2008.  (Doc. 111).

The pending claims in this case are those stated in the
amended complaint.  (Doc. 52).  The factual allegations and
legal claims stated in the amended complaint are set forth
comprehensively in the court's Memorandum and Order of August
22, 2008 (Doc. 72) and will not be repeated herein.  The Order
of August 22, 2008 establishes that this civil action is
proceeding on these claims:

   a. Plaintiff's individual claims and claims on
   behalf of C.R.W. pursuant to the Federal Wiretapping Act (Count
   defendants Dr. Robert Krantz, an unknown
   Dallastown staff
   member, and the Dallastown Area School
   District.

   b. Plaintiff's individual claims pursuant to
   the Pennsylvania Wiretap Act (Count III) against defendants Dr.
   and the unknown Dallastown staff member.

   c. Plaintiff's individual claims and claims on
behalf of C.R.W. under the Fourth Amendment pursuant to
42U.S.C. § 1983 (Count IV) against defendants Dr. Robert

Krantz, an unknown Dallastown staff member, and the Dallastown
Area School District.

The Order of August 22, 2008 established a discovery deadline

of September 16, 2008.  By Order of August 26, 2008, the

deadline was continued to December 16, 2008.  On November 16,

2008, discovery issues were referred to me for resolution.

After obtaining the position of the parties, those issues are

addressed herein.


        Our determination of these discovery issues will be

guided by the Federal Rules of Civil Procedure.  Under Rule

26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any non-
> privileged matter that is relevant to any party's
> claim  or  defense--  including  the  existence,
> description,  nature,  custody,  condition,  and
> location  of  any  documents  or  other  tangible
> things and the identity and location of persons
> who know of any discoverable matter.  For good
> cause,  the  court  may  order  discovery  of  any
> matter relevant to the subject matter involved in
> the  action. Relevant  information  need  not  be
> admissible at the trial if the discovery appears
> reasonably calculated to lead to the discovery of
> admissible evidence. All discovery is subject to
> the limitations imposed by Rule 26(b)(2)(C).

Rule 34 of the Federal Rules of Civil Procedure provides for discovery by way of requests for the production of documents.  Rule 34(b)(1)(A) provides that a request "must describe with reasonable particularity each item or category of items to be inspected."  The nine requests to defendant Krantz are as follows:

> 1.  That Federal Warrant authorizing you to eavesdrop on any of Plaintiff Walsh's telephone conversations with his son CRW.
>
> 2.  The roster of administrative assistants on duty and at work on 29 March 06 when you illegally eavesdropped on the telephone conversation between Plaintiff Walsh and CRW. That roster is to clearly annotate those two individuals who answered the telephone during both of Walsh's calls to your school, the first you took in place of CRW, the second you eavesdropped on.
>
> 3.  A copy of the construction blueprint of the principal's office and administrative offices of the Dallastown Middle School, showing the location of telephone jacks.
>
> 4.  A purchase order and full description of all telephones at use in your office at the Dallastown Middle School, and as used by each of the administrative persons in the outer administrative offices, detailing make, manufacture, number of phone lines, and conference call capability as were present and used on 29 Mar 06.

4

5.   A full copy of any witness statement you
provided to the York Regional Police Detectives
that were sent out to the Dallastown Middle
School when Plaintiff Walsh attempted to have you
arrested for illegally eavesdropping on one of
his conversations between Plaintiff Walsh and
CRW.

6.   Full copies of all emails between yourself
and defendants Cathcart and Weinberg regarding
your illegal eavesdropping, that precipitated
your being fired as the principal at the
Dallastown Middle School.

7.   Full copies of those educational orders and
documents censoring you for your criminal
activity by eavesdropping on the conversation
between Plaintiff Walsh and CRW, that documented
your being removed as principal at the Dallastown
Middle School.

8.   Full copies of those educational orders and
documents suspending you from your duties at the
Dallastown Middle School as a direct result of
your having eavesdropped on a telephone
conversation between Plaintiff Walsh and CRW.

9.   Full copies of your farewell email message,
or transcript of your final speech to your staff
at the Dallastown Middle School prior to your
being suspended or fired from your billet as the
school principal for illegally eavesdropping on
the conversation be Plaintiff Walsh and CRW.


     The plaintiff's first request for the production of

documents to defendant Krantz and the first request to the

defendant School District each contain substantially the same
nine requests.  The defendants have answered numbers 1, 5, 6,
7, 8 and 9, stating as to each that there are no responsive
documents.  That is not an inadequate response.  A party who
asserts that an opposing party has failed to make discovery on
the grounds that the opposing party has asserted that it has no
documents within the range of the definition of the requested
documents, when the requesting party has no basis to present to
the court for the assertion that the opposing party's statement
is false, can not obtain an order compelling discovery.  It is
not provided for in the discovery rules for the court to
conduct a fact finding proceeding to determine the truthfulness
of discovery responses.  Counsel and the parties are well aware
of the potentially severe civil and criminal penalties for
generating false statements or documents in judicial
proceedings.

    The plaintiff's framing of his requests for the
production of documents in compound format is
counterproductive.  He should use carefully worded requests for
admissions, interrogatories or deposition questions to the

6

extent that he seeks admissions and carefully worded requests

for the production of documents when he is seeking the

production of documents.

    The plaintiff, who is *pro se*, is intelligent and is an

able communicator.  He is not reasonably seen to be unaware of

the concept of disputed issues of fact.  He is not reasonably

seen to be unaware that it is in dispute whether there was an

illegal eavesdropping by any defendant of a conversation

between him and his son.  The defendants' Answer (Doc. 62) to

the plaintiff's Amended Complaint makes it quite clear that the

plaintiff's allegation of illegal eavesdropping is in dispute.

Given that it is obviously in dispute whether there was illegal

eavesdropping by any defendant, the plaintiff's incorporation

into the articulation of his requests for the production of

documents of the fact of an illegal eavesdrop as one of the

essential elements or as one of the characteristics of the

categories of the documents being sought was not done in a

reasonable effort to obtain potentially relevant information.

Descriptions of documents being sought not containing the

assumed fact of an illegal eavesdrop could have been framed.

7

The plaintiff chose a course of discovery that was not
reasonable in light of the disputed issues of fact.  The
defendants' responses were not inadequate given that the
allegation of an illegal eavesdropping is in dispute, as is the
allegation that there was a disciplinary action taken against
defendant Krantz by the School District.

The plaintiff asks for the court to extend special
consideration to him as a *pro se* plaintiff, and not to hold him
to have knowledge of legal technicalities.  That request is
sensible, and the plaintiff's *pro se* status is taken into
account.

This matter involving the plaintiff's statement of
requests for the production of documents in a manner where the
responding party's production might be seen to constitute an
admission of a disputed material issue is not a matter where
any sound reason appears to warrant special treatment for the
plaintiff.  The plaintiff asserts in his reply that his
discovery efforts should not be thwarted by legal
technicalities.  The defendants' explanation for their

8

responses plainly related why they determined that they did not
have documents of the nature described by the plaintiff, i.e.,
documents relating to the defendant's illegal wiretapping
activities.  The plaintiff in his reply does not address this
ostensibly valid reason.

We also do not find that defendants' responses to the
second, third and fourth requests for the production of
documents to be inadequate.

The plaintiff's first requests for the production of
documents were sent to the defendants on July 3, 2008.  On July
19, 2008, the plaintiff sent each defendant a second request
for the production of documents requesting from defendant
Krantz two categories of e-mails: first, all e-mails to the
plaintiff on March 29, 2006; second, all e-mails to the
plaintiff.  The plaintiff requested from defendant School
District "[a]ll e-mails between the Dallastown Area School
District Supervisor;  Dr. Stewart Weinberg, and the Plaintiff
during defendant Weinberg's tenure as the District
Superintendent."  The plaintiff asserts that not all responsive

documents were provided.  He asserts that a December 21, 2005 e-mail to him from defendant Krantz was not provided.  The defendants state that they provided all e-mails that they could find, noting that defendant Krantz had not been employed by the District since December of 2006.  The one e-email cited by the plaintiff, bearing no inference of any purposeful failure to make discovery, does not give rise to an order compelling discovery or to sanctions.

On August 9, 2008, the plaintiff sent to defendants a Request to Photograph Offices at the Dallastown Middle School and Copies of E-Mails.  The plaintiff asserts that no e-mails were provided.  The defendants have submitted to the court a copy of the Objections and Responses that they provided to the plaintiff on September 3, 2008.  (Doc. 108-2, pages 4-11).  The defendants deem a second inspection of the school, apart from the main office and principal's office, not to be likely to lead to evidence.  We agree.  They have stated that they will provide copies of e-mails sent from defendant Krantz to the plaintiff on March 29, 2006.  They object to providing all e-mails between Krantz and Weinberg from October 1, 2006 to

January 31, 2007, unless the request is refined.  That is
reasonable.  The request is unduly burdensome.

     The plaintiff also asserts that answers of defendant
Krantz to two requests for admissions are not adequate.  The
answers are not inadequate.  The defendant stated that after a
reasonably inquiry he can not admit or deny the statement(s)
proffered by the plaintiff.  See Rule 36(a)(4) of the Federal
Rules of Civil Procedure.

     The plaintiff repeatedly cites the Pennsylvania Right
to Know Law, 65 P.S. § 66.1, as the basis for his right to a
court order compelling discovery.  But this court's reference
to authority in the context of civil case discovery is to the
Federal Rules of Civil Procedure and the Pennsylvania Right to
Know Law is immaterial here.  Here, there is no doubt of the
right of the plaintiff to discover matters that he can obtain
under the state law if they are subject to discovery under the
Federal Rules of Civil Procedure.  The plaintiff's avenue of
pursuit of his rights under the state Right to Know law does
not lie in this court.

We have reviewed the plaintiff's discovery requests that are the subject of the Order of November 12, 2008 and the materials and explanations provided by the parties.  We do not find there to be instances or matters in which a basis for an order compelling discovery is presented.

Accordingly, this Memorandum and the Order of November 18, 2008 (Doc. 102) shall constitute the resolution of the discovery matters referred to this magistrate judge.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  December 10, 2008.