IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W., | : | CIVIL ACTION NO. 1:07-CV-0616 |
| | : | |
| | : | (Judge Conner) |
| **Plaintiff** | : | |
| v. | : | |
| | : | |
| **DR. ROBERT KRANTZ**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 9th day of February, 2009, upon consideration of *pro se* plaintiff's appeal (Doc. 114) from the magistrate judge's order (Doc. 113) of December 10, 2008, denying plaintiff's requests to compel discovery, (see Doc. 100, Ex. A), and it appearing that the discovery disputes were fully briefed by the parties, (see Docs. 108, 111), that the magistrate judge resolved the disputes without holding a telephone conference, (see Doc. 114 ¶ 4), and that plaintiff contends that by foregoing a telephone conference, the magistrate judge stripped plaintiff of his "rights in discovery,"[1] (see Doc. 115 ¶ 4), and it further appearing that "[a] Magistrate Judge is accorded wide discretion in addressing non-dispositive

---

[1] Plaintiff correctly notes that this court's stated preference is to resolve discovery disputes via telephone conference. (See Doc. 115, Ex. A.) But this preference certainly does not preclude the court from disposing of a dispute through written briefing. In the instant matter, plaintiff submitted both a letter brief (Doc. 100, Ex. A) and a twelve-page reply brief (Doc. 111) setting forth his arguments; defendants also submitted a thorough opposition brief, (Doc. 108). Plaintiff had ample opportunity to articulate his position in these briefs. Furthermore, the decision to convene a telephone conference is a matter within the magistrate judge's discretion. See Montgomery Acad. v. Kohn, 82 F. Supp. 2d 312, 317 (D.N.J. 1999).

motions," Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); see also Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006); Horn v. Kline, 1:06-CV-1038, 2007 WL 4198167, at *2-3 (M.D. Pa. Nov. 26, 2007), that Magistrate Judge Smyser carefully considered each of the objections raised by plaintiff, (see Doc. 113), and that plaintiff "bears a heavy burden" in attempting to overturn the magistrate judge's discovery order, see Gorman v. Polar Electro, Inc., 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001) (interpreting Federal Rule of Civil Procedure 72(a)), and the court concluding that the December 10, 2008 order (Doc. 113) issued by Magistrate Judge Smyser was not "clearly erroneous or contrary to law," see L.R. 72.2; see also FED. R. CIV. P. 72(a) (stating that a district judge must "set aside" a magistrate judge's ruling on a non-dispositive matter when it is "clearly erroneous or contrary to law"), it is hereby ORDERED that plaintiff's appeal (Doc. 114) from the magistrate judge's order (Doc. 113) of December 10, 2008 is DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge