IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W., | : | CIVIL ACTION NO. 1:07-CV-0616 |
| | : | |
| | : | (Judge Conner) |
| **Plaintiff** | : | |
| v. | : | |
| | : | |
| **DR. ROBERT KRANTZ**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of February, 2009, upon consideration of *pro se* plaintiff's appeal (Doc. 122) from the magistrate judge's order (Doc. 121) of January 20, 2009, denying plaintiff's motion for leave to file a second amended complaint, (see Doc. 89), and it appearing that plaintiff sought to supplement his complaint by adding a substantive due process claim[1] (see id.), that the magistrate judge

---

[1] Plaintiff wishes to assert claims against Greg Anderson ("Anderson"), Sue Cathcart ("Cathcart"), and Cathy Stone ("Stone"), three employees of the Dallastown Area School District. Plaintiff alleges that these individuals violated the Fourteenth Amendment rights of S.J.W., one of plaintiff's minor children. (See Doc. 90.) Anderson, Cathcart, and Stone were each named as defendants in plaintiff's initial complaint, filed on April 2, 2007. (See Doc. 1.) All three were subsequently dismissed from the action for plaintiff's failure to state a cognizable Fourteenth Amendment claim. (See Docs. 46, 72.)

determined that leave to amend was futile[2] (see Doc. 121), and that plaintiff requests that this court "vacate Magistrate Smyser's order in its entirety and allow Plaintiff to [amend his complaint]" (Doc. 123 at 8), and it further appearing that Magistrate Judge Smyser carefully analyzed plaintiff's arguments,[3] and that the January 20, 2009 order (Doc. 121) was not "clearly erroneous or contrary to law," see L.R. 72.2; see also FED. R. CIV. P. 72(a) (stating that a district judge must "set aside" a magistrate judge's ruling on a non-dispositive matter when it is "clearly erroneous

---

[2] Plaintiff's proposed substantive due process claim asserts a violation of the right to autonomy and independence in personal decision making. (See Docs. 89, 90.) The magistrate judge analyzed plaintiff's claim using the standard set forth by this court in the memorandum and order dated June 4, 2008, (see Doc. 46 at 25-27), wherein the court emphasized that the due process right protects an individual's prerogative to make independent decisions in "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education," (see id. at 26 n.35 (quoting Konopka v. Borough of Wyoming, 383 F. Supp. 2d 666, 677 (M.D. Pa. 2005)).

[3] The crux of plaintiff's proposed due process claim is that Anderson and Stone attempted to prevent S.J.W. from enrolling in mathematics courses at the appropriate grade level. (See Docs. 89, 90, 121.) Plaintiff concedes that this attempt was unsuccessful; that S.J.W. was permitted to enroll in the courses at Dallastown Middle School; and that S.J.W. "continues to excel" in his studies. (Doc. 123 at 8.) However, plaintiff argues that the mere *attempt* to prevent S.J.W.'s advancement constitutes a violation of the Fourteenth Amendment. (See id.) This contention is erroneous. There is no indication that plaintiff's ability to make independent decisions on behalf of his son was thwarted and, more importantly, the mere unsuccessful attempt to place S.J.W. in a lower-level mathematics course is insufficient to make out a cognizable Fourteenth Amendment violation. Indeed, an educator would be abdicating a key responsibility if he or she did *not* provide advice for instructional placement.

or contrary to law"), it is hereby ORDERED that plaintiff's appeal (Doc. 122) from the magistrate judge's order (Doc. 121) of January 20, 2009 is DENIED.

                                               S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge