IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W. and S.J.W., | : : : | CIVIL ACTION NO. 1:07-CV-0616 |
| | : | (Judge Conner) |
| **Plaintiffs** | : | |
| v. | : : | |
| **DR. ROBERT KRANTZ**, *et al.*, | : : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 18th day of February, 2009, upon consideration of *pro se* plaintiff's second motion (Doc. 135) for recusal of the undersigned,[1] wherein

---

[1] The instant motion constitutes plaintiff's second attempt to disqualify the undersigned under 28 U.S.C. § 455 and 28 U.S.C. § 144. (See Docs. 135, 137.) Plaintiff has included with his filing the affidavit required under § 144. The court notes that the plain language of § 144 permits a party to file "only one such affidavit in any case." § 144. Although the court will consider the affidavit filed in the motion *sub judice*, plaintiff is on notice that he has exceeded the statutorily-imposed filing limit. Absent the presentation of new material or extraordinary circumstances, subsequent § 144 affidavits will not be permitted. See United States v. Hoffa, 245 F. Supp. 772, 776 (E.D. Tenn. 1965), aff'd, 382 F.2d 856 (6th Cir. 1967); see also United States v. Meinster, 488 F. Supp. 1342, 1345 n.2 (S.D. Fla. 1980), aff'd, 664 F.2d 971 (5th Cir. 1981), superseded on other grounds, United States v. Hunter, 956 F.2d 1309 (5th Cir. 1992).

plaintiff sets forth two principal grounds for recusal,[2] to wit: (1) the court declined to overrule the order (Doc. 113) of the magistrate judge denying plaintiff's request to compel discovery, and (2) the court improperly "[s]equenc[ed] the decisions in this action with decisions in the prior action . . . . significantly drawing down on [plaintiff's] ability to file his appeal for that earlier action,"[3] (Doc. 137, Ex. A ¶¶ 5-6), and although plaintiff posits averments that the undersigned is personally biased,[4] plaintiff's first allegation simply levies a claim of "judicial bias," which is legally

---

[2] Plaintiff's § 144 affidavit actually asserts six grounds for the court's disqualification. (See Doc. 137, Ex. A.) The grounds contained in Paragraphs 1 through 4, however, are verbatim reassertions of allegations plaintiff raised in his prior motion for recusal, filed on November 21, 2008. (Doc. 106; Doc. 107, Ex. A.) Specifically, plaintiff re-alleges that the court (1) unduly restricted his right to discovery, (2) improperly restricted his right to present expert reports, (3) displayed open animosity toward him during a telephone conference on June 10, 2008, and (4) improperly attempted to intrude upon the attorney-client privilege between plaintiff and his former counsel, Jonathan Crisp. (See Doc. 137, Ex. A.) The court thoroughly considered these exact allegations in its memorandum and order (Doc. 112) dated December 8, 2008. For the reasons expressed therein, the court again finds the claims entirely lacking in merit.

[3] On June 4, 2008, the court issued a ruling in this matter dismissing several of plaintiff's claims, and allowing others to move forward. (See Doc. 46.) On June 10, 2008, the court issued a ruling in a separate matter involving the above-captioned plaintiff, Walsh v. United States, No. 05-CV-0818, granting summary judgment to the defendants. (See Doc. 298, 05-0818.) Plaintiff now claims that the court deliberately issued these rulings six days apart in order to inhibit plaintiff's ability to appeal the latter order granting summary judgment. (See Doc. 137, Ex. A.) Plaintiff has nonetheless appealed the court's summary judgment decision to the Third Circuit, where the matter is pending. (See Doc. 300, 05-0818.)

[4] Plaintiff's motion complains of the "manifest animosity of this Court," (Doc. 135 at 1), the "long history of open animosity this Court has demonstrated to [plaintiff] and his rightful claims," (Doc. 137 ¶ 2), and "[t]he open bias of this Court[, which] . . . is well documented, (id. ¶ 4). When a party seeks judicial disqualification for personal bias, the substantive analysis of the claims under § 144 and § 455 is identical. (See Doc. 112 at 7 & n.4 (citing cases)).

insufficient to warrant recusal, see United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); see also Liteky v. United States, 510 U.S. 540, 552-56 (1994) (holding that claims of personal bias and prejudice are subject to an "extra-judicial source limitation" under both § 144 and § 455); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (stating that "a party's displeasure with legal rulings does not form an adequate basis for recusal" (internal quotations omitted)), and that plaintiff's second allegation is untimely, see § 144 (requiring a party to seek recusal with reasonable diligence); In re Kensington Int'l, Ltd., 368 F.3d 289, 312 (3d Cir. 2004) (stating that "parties seeking disqualification under § 455(a) should do so in a timely manner"), that it fails to implicate extrajudicial conduct,[5] and that no reasonable

---

[5] Plaintiff's complaint regarding the timing of the court's decisions fails to identify activity that stems from an extrajudicial source. See Grinnell, 384 U.S. at 583. However, plaintiff also attaches an order issued by the Veterans' Administration ("VA"), allegedly requiring plaintiff to undergo a medical examination as part of a request for "a Compensation and Pension" review. (See Doc. 137, Ex. C.) The VA issued its order on June 10, 2008, the same day that the court granted summary judgment against plaintiff in Walsh v. United States, No. 05-CV-0818. Plaintiff contends that the court and the VA colluded to issue the rulings "in direct synchronization." (See Doc. 137 ¶ 5.) Plaintiff's averments constitute "mere conclusory statements and opinions," unsupported by fact. See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (holding that conclusory statements and opinions need not be credited). Furthermore, plaintiff has not even identified how the alleged conduct prejudiced his ability to prosecute this civil rights claim. He admits that the court permitted him the opportunity to amend the complaint in the instant matter; that he appealed the court's summary judgment decision in Walsh v. United States, No. 05-0818; and that the VA agreed to delay its evaluation. (See Doc. 137.) Although plaintiff's conspiracy theory is imaginative, it is insufficient to disqualify this court.

person would question the impartiality of the undersigned as a result of the allegation, see Liteky, 510 U.S. at 548, it is hereby ORDERED that plaintiff's second motion (Doc. 135) to recuse is DENIED.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge