# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of **C.R.W.**, | : CIVIL ACTION NO. 1:07-CV-0616 |
| | : (Judge Conner) |
| **Plaintiff** | : |
| v. | : |
| **DR. ROBERT KRANTZ**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 2nd day of March, 2009, upon consideration of *pro se* plaintiff's motion (Doc. 133) for reconsideration of the order of court (Doc. 127) dated February 9, 2009, which denied plaintiff's appeal (Doc. 114) from the magistrate judge's order (Doc. 113) of December 10, 2008, and the court finding that

there are no manifest errors of law or fact in the challenged order,[1] see Harsco Corp. v. Zlotniki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that the motion (Doc. 133) for reconsideration is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Plaintiff correctly recites the motion for reconsideration standard when he states that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." (Doc. 134 ¶ 2 (quoting Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).) Unfortunately, plaintiff fails to apply this legal standard to the facts presented, opting instead to reassert the same arguments that the court considered—and rejected—in his original appeal from the magistrate judge's order. Although plaintiff is persistent, his tendency throughout this litigation to use a motion for reconsideration to restate—verbatim—stale arguments upon which the court has already ruled in large part explains why his Rule 60 motions are persistently denied. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted); see also Lester v. Percudani, No. 3:01-CV-1182, 2008 WL 4722749, at *3 (M.D. Pa. Oct. 24, 2008) (same). Furthermore, a party may not utilize a motion for reconsideration to "simply change[] theories and [try] again," thus giving the movant "a second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). Plaintiff would be well-advised to keep these legal principles in mind should he request the court's reconsideration in the future.