# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RORY M. WALSH**, individually and as Natural Guardian of C.R.W., a minor, | : CIVIL ACTION NO. 1:07-CV-0616 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **DR. ROBERT KRANTZ, UNKNOWN DALLASTOWN STAFF MEMBER,** and **DALLASTOWN AREA SCHOOL DISTRICT**, | : |
| Defendants | : |

## **ORDER**

AND NOW, this 18th day of December, 2009, upon consideration of the report of the magistrate judge (Doc. 195), recommending that the motion (Doc. 182) for summary judgment filed by defendants Krantz and Dallastown Area School District be granted, and that the motion (Doc. 184) for summary judgment filed by plaintiff be denied, that summary judgment be entered *sua sponte* in favor of defendant unknown Dallastown staff member, and that the case be closed, and upon further consideration of the objections (Doc. 199) filed by plaintiff,[1] and, following an independent review of the record, it appearing that plaintiff claims that defendant Krantz eavesdropped on a telephone conversation between plaintiff and his son

---

[1] The court is mindful of plaintiff's *pro se* status, which plaintiff emphasized in his objections to the report of the magistrate judge (Doc. 199 at 1-2). Even with a liberal construction of plaintiff's pleadings, however, the court cannot conclude that plaintiff has come forward with sufficient evidence to avoid summary judgment. See infra note 5.

C.R.W.[2] in violation of the Federal Wiretapping Act, the Pennsylvania Wiretap Act, and the Fourth Amendment,[3] and it further appearing that defendants contend that plaintiff has failed to establish a violation of any of these laws,[4] and the court finding

---

[2] Many of the underlying facts that form the basis of plaintiff's claims are undisputed. Plaintiff is the father of minor C.R.W., who attended seventh grade in Dallastown Area Middle School during the 2005-2006 school year. (Doc. 182, Statement of Material Facts ("SOMF") ¶¶ 1-2; Doc. 191 ¶¶ 1-2.) On the morning of March 29, 2006, plaintiff exchanged emails with one of C.R.W.'s teachers, Mr. Hartman, discussing an outline which C.R.W. was required to turn in. (Doc. 191, Ex. H.) On the same morning, plaintiff corresponded with another one of C.R.W.'s teachers, Ms. Young, regarding an assignment for extra credit. (Id.) Plaintiff also made two telephone calls to the school to speak with C.R.W. that same morning. (Doc. 182, SOMF ¶ 4; Doc. 191 ¶ 4.) Plaintiff did not speak to C.R.W. during the first call; rather he spoke to Krantz, the school principal, who offered to relay a message from plaintiff to C.R.W. (Doc. 182, Ex. A at 26; Doc. 182, SOMF ¶ 3; Doc. 191 ¶ 3.) When plaintiff placed the second call, he spoke to C.R.W. (Doc. 182, SOMF ¶ 6; Doc. 191 ¶ 6.) That afternoon, Krantz sent plaintiff an email which included references to both the outline and the extra credit assignment. (Doc. 191, Ex. D.) Plaintiff claims that Krantz "had no way of knowing" about both assignments unless he had eavesdropped on plaintiff's conversation with C.R.W. (Doc. 182, Ex. A at 28-30.)

[3] Plaintiff filed an amended complaint which raised additional claims, (see Doc. 52), but the court dismissed plaintiff's other claims when it granted in part defendants' motion to dismiss, (see Doc. 72). The court notes that, in his objections to the report of the magistrate judge, plaintiff vaguely complains that Krantz "disclosed" the contents of the conversation by referencing them "in an insecure email." (Doc. 199 at 28; see also id. at 23, 29.) This allegation is not supportive of his pending claims, because, for the reasons discussed infra note 5, no reasonable trier of fact could conclude from plaintiff's evidence that Krantz obtained the information contained in his email through the interception of plaintiff's telephone call. See 18 U.S.C. § 2511(1)(c).

[4] Defendant Krantz also claims immunity, pursuant to the Political Subdivision Tort Claims Act, see 18 PA. CONS. STAT. ANN. § 8545, with respect to plaintiff's claim under the Pennsylvania Wiretap Act. The court's conclusion that Krantz is entitled to summary judgment obviates the need to address his alleged entitlement to immunity. The court notes, however, that a government official will not be shielded by immunity if his actions resulted from "willful misconduct." See id. § 8550. Plaintiff accuses Krantz of intentional conduct, outside the scope of his authority, for which Krantz would not be entitled to immunity. Therefore, analysis of the immunity issue merges with the court's analysis as to whether plaintiff can survive summary judgment on the merits of his Pennsylvania Wiretap Act claim.

that there are no genuine disputes as to any material facts,[5] and the court

---

[5] Plaintiff's objections to the report of the magistrate judge make much of the existence of disputed facts. The court acknowledges that there are several disputes of fact in the instant case. For instance, the parties dispute which of C.R.W.'s assignments plaintiff discussed with Krantz during the first telephone call. There is also a dispute as to whether C.R.W. used the telephone in Krantz's office or the telephone in the office of Mr. Senft to take his father's second call. Another disputed issue is whether Krantz spoke to plaintiff or to C.R.W. at any point during the second call. In addition, there is a dispute regarding Krantz's ability to intercept the second telephone call from another telephone in the office. A disputed issue also arises from plaintiff's allegation that Krantz was subsequently removed from his position involuntarily over the incidents at issue in the instant case. Some of these disputes of fact are not "genuine" disputes, and, as the magistrate judge correctly noted, none are "material," due to the inadequacy of plaintiff's evidence.

In ruling on defendants' motion to dismiss, the court must view the evidence in the light most favorable to plaintiff. See McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 653-54 (3d Cir. 1989). Assuming, *arguendo*, that plaintiff's evidence on each disputed fact is credible and persuasive, it still does not suffice to support a verdict in his favor; and defendants are therefore entitled to summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-57 (1986). Plaintiff invites the court to infer, *inter alia*, that Krantz had the ability to intercept the call at issue, that he did in fact intercept it, and that he could not have known about C.R.W.'s extra credit project unless he intercepted it. However, plaintiff has not presented affirmative evidence from which a reasonable trier of fact could conclude that these allegations are true.

Specifically, plaintiff has not shown that there was no other way for Krantz to find out about the extra credit assignment. Plaintiff asserts that he and C.R.W. did not speak with Krantz about it. Indeed, he argues at length that he misspoke in his deposition when he stated that his first telephone call dealt with the extra credit assignment, and he offers explanations to reduce the impact his error. (See Doc. 199 at 2, 7-9, 11, 20.) Plaintiff alleges that he actually discussed the outline during the first call, and the second call dealt with the extra credit. (Id. at 2, 3, 7, 12, 27, 29.) All of these arguments are immaterial. Even if plaintiff did not mention C.R.W.'s extra credit project during his first call, and even if neither he nor C.R.W. discussed it with Krantz at any other time, that would not inevitably point to the conclusion that Krantz must have learned about it by intentionally intercepting plaintiff's second call. There is no evidence showing that Krantz could not have found out about the extra credit another way—for instance, by unintentionally overhearing C.R.W. mention it, or by speaking to someone else who knew of it.

Furthermore, plaintiff has not shown that Krantz had the ability to intercept and listen to plaintiff's call. Plaintiff's evidence, when viewed in the light most favorable to plaintiff, indicates that a user of one of the school's telephones had the ability to add or drop parties in a conference call. However, the technology

3

concluding that plaintiff's evidence is insufficient to establish the essential elements of his case, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and that plaintiff's arguments regarding defendants' "lack of evidence" are therefore immaterial,[6] and the court further concluding that plaintiff's argument that Krantz admitted liability

---

required to intercept a call is distinct from conference capabilities. Defendants have presented testimony from Judy Keeney, a secretary who worked at the school, that the telephone system would *not* enable a person to pick up a telephone and intercept a conversation being conducted on another telephone. (Doc. 182, Ex. F at 15.) Even if the court assumes that another person could have used the conference call feature to add Krantz to plaintiff's call, the availability of that technology is plainly inadequate to prove that Krantz did, in fact, intercept the call in question.

Plaintiff's failure to show that Krantz intercepted plaintiff's call also affects the viability of plaintiff's Fourth Amendment claim. Establishing a violation of the Fourth Amendment requires plaintiff to show that defendant invaded his reasonable expectation of privacy. Insofar as plaintiff fails to show that Krantz intercepted plaintiff's call, plaintiff must show that Krantz invaded his privacy by learning of C.R.W.'s extra credit project through some other action—e.g., overhearing the telephone conversation, or hearing about the extra credit from another source. Assuming, *arguendo*, that plaintiff or C.R.W. subjectively harbored an expectation that the school principal would not learn of the content of their conversation by any means, the magistrate judge correctly concluded that such an expectation was not reasonable. Therefore, all of plaintiff points relating to his alleged expectation of privacy (see Doc. 199 at 5, 20, 23, 25) are immaterial.

In sum, plaintiff's evidence could not lead any reasonable jury to reach a verdict in plaintiff's favor, and a trial on his claims would therefore be an empty and unnecessary formality. See FED. R. CIV. P. 56(c).

[6] For the reasons set forth in the report of the magistrate judge, a reasonable trier of fact could not find that defendants violated any of the laws plaintiff invokes. The court notes that plaintiff appears not to understand the burden of proof that he bears. He asks the court to rule on his cross motion for summary judgment and suggests that there must be some discussion of "defendants [sic] lack of evidence in rebuttal." (Doc. 199 at 4; see also id. at 32.) Plaintiff also argues that defendants have failed to produce evidence supporting their position on various points. (See id. at 7, 9, 27, 31, 32.) However, it is plaintiff's burden to establish the elements of his case, and for the reasons already discussed, he has failed to do so. Therefore, plaintiff could not possibly demonstrate that he is entitled to judgment as a matter of law, regardless of any evidence that defendants presented or failed to present.

4

is frivolous,[7] and that plaintiff's request to name Judy Keeney as the unknown Dallastown staff member is futile,[8] it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 195) is ADOPTED.

2. Defendants' motion for summary judgment (Docs. 182) is GRANTED.

3. Plaintiff's motion for summary judgment (Docs. 184) is DENIED.

4. Summary judgment is GRANTED in favor of defendant unknown Dallastown staff member.

5. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

6. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[7] Plaintiff argues that defendant Krantz's claim of immunity "is tantamount to an admission of liability." (Doc. 199 at 19.) In support of his contention, plaintiff cites Thomas v. Nakatani, 309 F.3d 1203 (9th Cir. 2002). Not only is the instant case disanalogous to Thomas, but also, Thomas would not support finding "an admission of liability" even in an analogous case. Plaintiff seems to misunderstand the Ninth Circuit's statement that "the survival of the section 1983 claim . . . against Nakatani, which is in reality a claim against Hawaii, is tantamount to an admission on the part of Hawaii that it still can be sued . . . ." Id. at 1207. Although the Ninth Circuit concluded that Hawaii could be sued, there was no admission of *liability*. Plaintiff's reliance on Thomas is misplaced, and his argument is frivolous.

[8] Plaintiff has already filed a motion to replace the unknown Dallastown staff member with Judy Keeney, and the magistrate judge has denied it as futile, on the basis that plaintiff failed to state an adequate factual basis for his assertion that she participated in eavesdropping. (See Doc. 176.) Plaintiff's evidence against Keeney remains insufficient to withstand a motion for summary judgment, and therefore, the court agrees that to name Keeney as the unknown Dallastown staff member would be futile.